IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                           CRIMINAL NO. 17-359 (GAG)

JOSUE RAFAEL PERAZA-RIVERA,

Defendant.

## REPORT AND RECOMMENDATION

Defendant Josue Rafael Peraza-Rivera was charged in a one-count Indictment and he agreed to plead guilty to the sole count of the Indictment and admit the forfeiture allegation. Count One charges Defendant with transportation of child pornography. All in violation of Title 18, United States Code, Sections 2252A(a)(1) and (b)(1).

On November 20, 2019, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court.    Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]   Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this

---

[1]   The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Josue Rafael Peraza-Rivera
Criminal No. 17-359 (GAG)
Report and Recommendation
Page 2

Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, AFPD Víctor González, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify.

Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.   The penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not less than five (5) years and not more than twenty (20); a fine of not more than two-hundred and fifty thousand dollars ($250,000.00); and a term of supervised release of any term not less than five (5) years, or life, in accordance with Title 18, United States Code, § 3583(k).

The Court must further impose a mandatory special monetary assessment of one hundred dollars ($100.00) per count of conviction, which the defendant agrees to pay, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

The Court may, pursuant to Section 5E1.2(I) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine

sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered. The defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendation as to the imposition of fines. Defendant may have to make restitution payments in an amount to be determined by the Court, at sentencing.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.    Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

As to Count One, the above-captioned parties' estimate an agreement that appears on page four (4), paragraph eight (8) of the Agreement, regarding the possible applicable

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.   Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. §2G2.2(a)(1), the Base Offense Level is of Twenty-Two (22). Pursuant to U.S.S.G. §2G2.2(b)(2), an increase of two (2) levels is agreed for the material involved a prepubescent minor. Pursuant to U.S.S.G. §2G2.2(b)(4), an increase of four (4) levels is agreed for the material portrays sadistic conduct. Pursuant to U.S.S.G. §2G2.2(b)(6), an increase of two (2) levels is agreed for use of a computer. Pursuant to U.S.S.G. §3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Adjusted Offense Level is of Twenty-Seven (27), yielding an imprisonment range of seventy (70) to eighty-seven (87) months assuming a Criminal History Category of I.

The parties do no stipulate any assessment as to defendant's Criminal History Category.

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree that Defendant will recommend a variance sentence of sixty (60) months, which is the statutory minimum term of imprisonment for the offense charged in Count One of the Indictment, while the United States reserves the right to argue for a term of imprisonment of eighty-seven (87) months, which is the higher end of the applicable guideline range, irrespective of Defendant's criminal history category.

The United States and defendant agree that the parties shall seek no further variance, departure, or adjustments. Should either party request an additional variance, departure or adjustment it shall constitute a breach of the plea agreement and grounds for the other party to request a withdrawal from the terms of the plea agreement.

Pursuant to Title 18, United States Code, Section 2253, Defendant agrees to forfeit to the United States: (1) any visual depiction, book, magazine, periodical, film, videotape, or other matter which contains any child pornography, which was produced, transported, mailed, shipped or received in violation of the offense set forth above; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or promote the commission of the offense set forth above, to include, but not limited to a black Motorola G5 Plus cellular phone; model XT1687, made in China.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender Registration and Notification Act ("SORNA"or "the Act"), which was enacted under Title I of the Adam Walsh Child Protection and Safety Act of 2006 (P.L. 109-248), codified at Title 18, United States Code, Section 2250 and title 42, United States Code, Section 16913. As a registered Sex Offender, defendant further understands that his status as a convicted sex offender, and related information, will be made public. Defendant further acknowledges that he may or may not be required to register for life.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial,

the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also

informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.    Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense.    Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 17-359 (GAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 17-359 (GAG).

<u>United States of America v. Josue Rafael Peraza-Rivera</u>
Criminal No. 17-359 (GAG)
Report and Recommendation
Page 9

IT IS SO RECOMMENDED.

The sentencing hearing will be held on March 24, 2020 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation.    Amended Fed. R. Crim P. 59 (b)(2).    <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v.</u> <u>Valencia</u>, 792 F.2d 4 (1st Cir. 1986).    See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale</u> <u>Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

San Juan, Puerto Rico, this 2nd day of December of 2019.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE